45 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 NATIONAL TITLE RESOURCE AGENCY, INC., Petitioner,
v.
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, Respondent,
 No. 94-2050.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Nov. 17, 1994.
Filed: Jan. 10, 1995.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Intervenor Norwest Corporation of Minneapolis applied to respondent Board of Governors of the Federal Reserve System for permission to acquire Double Eagle Financial Corporation of Phoenix under Sec. 4(c)(8) of the Bank Holding Company Act, 12 U.S.C. Sec. 1843(c)(8). By acquiring Double Eagle and its subsidiary, United Title Agency of Arizona, Norwest proposed to enter the title insurance agency and real estate settlement market in Arizona. Petitioner National Title Resources Agency, Inc., a competitor of United Title, filed a letter protesting the acquisition and requesting a public meeting pursuant to 12 C.F.R. Sec. 262.25(d) of the agency's regulations. The Board considered this protest, Norwest's written response, and the other evidence of record and granted the application without holding a public meeting. The Board denied National Title's request for reconsideration, and National Title petitioned this court for review of the Board's approval order. See 12 U.S.C. Sec. 1848.
 
 
 2
 On appeal, National Title argues that the Board erred in refusing to grant a formal evidentiary hearing on the competition issues raised in National Title's protest, as authorized by 12 C.F.R. Sec. 262.3(i)(2) of the regulations. We disagree. National Title requested a public meeting, not a costly and time consuming formal hearing. Section 4(c)(8) was amended in 1970 to provide that the Board need only provide "due notice and opportunity for a hearing." See Bank Holding Company Act Amendments of 1970, Pub. L. 91-607, Sec. 103(4), 84 Stat. 1760, 1765 (1970) (emphasis added). Consistent with this amendment, the regulations provide that the Board "shall order a hearing only if there are disputed issues of material fact that cannot be resolved in some other manner." 12 C.F.R. Sec. 225.23(g). National Title's protest contained only broad, conclusory assertions of anticompetitive effect, assertions that can be effectively made by written submission. The agency did not abuse its discretion in concluding that neither a public meeting nor a formal hearing was required.
 
 
 3
 The administrative record in this case confirms that the Board scrutinized Norwest's application with great care, as our decisions require. See Independent Ins. Agents of Amer., Inc. v. Board of Governors of the Federal Reserve System, 658 F.2d 571, 576 (8th Cir. 1981). National Title's procedural challenge is without merit, and it does not challenge the merits of the Board's decision. The order approving Norwest's application is affirmed.